```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :    CONSENT PRELIMINARY ORDER
        - v. -                     :    OF FORFEITURE/
                                   :    MONEY JUDGMENT
CHUCK CONNORS PERSON,              :
                                   :    S1 17 Cr. 683 (LAP)
                Defendant.         :
                                   :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about May 31, 2018, CHUCK CONNORS PERSON (the "defendant"), was charged in a Superseding Indictment, S1 17 Cr. 683 (LAP) (the "Superseding Indictment"), with, *inter alia*, conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count One), solicitation of bribes and gratuities, in violation of 18 U.S.C. § 666(a)(1)(B) (Count Two), conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349 (Count Three), the substantive act of honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 1349, and 2 (Count Four), the substantive act of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Five), and travel act conspiracy, in violation of 18 U.S.C. § 371 (Count Six).

WHEREAS, the Superseding Indictment included a forfeiture allegation as to Counts One through Four and Six, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

WHEREAS, on or about March 19, 2019, the defendant pled guilty to Count One, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), a sum of money equal to $91,500 in United States currency, representing proceeds traceable to the commission of the offense alleged in Count One;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $91,500 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Superseding Indictment that the defendant personally obtained; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Superseding Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Robert L. Boone and Aline Flodr, of counsel, and the defendant, and his counsel, Theresa Trzaskoma, Esq., that:

1. As a result of the offense charged in Count One of the Superseding Indictment, to which the defendant pled guilty, a money judgment in the amount of $91,500 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Superseding Indictment that the defendant personally obtained, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, CHUCK CONNORS PERSON, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payment on the Money Judgment in the Assets Forfeiture

Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[CONTINUED ON NEXT PAGE]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____   3/19/19
Robert L. Boone/Aline Flodr       DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
Tel.: (212) 637-2208/1110

CHUCK CONNORS PERSON

By: _____   3/19/2019
CHUCK CONNORS PERSON              DATE

By: _____   3/19/2019
Theresa Trzaskoma, ESQ.           DATE
Attorney for Defendant
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004


SO ORDERED:

_____   3/21/19
HONORABLE LORETTA A. PRESKA   DATE
SENIOR UNITED STATES DISTRICT JUDGE